IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAROL STEWART, PERSONAL REPRESENTATIVE FOR ESTATE OF DOREEN SMITH, DECEASED,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH CARE SERVICE CORPORATION d/b/a BLUE CROSS BLUE SHIELD OF OKLAHOMA,<br><br>Defendant. | Case No. CIV-24-189-SLP |

**O R D E R**

Before the Court is Defendant Health Care Service Corporation d/b/a Blue Cross Blue Shield of Oklahoma's Motion to Dismiss [Doc. No. 8]. Plaintiff has filed a Response [Doc. No. 11] and Defendant filed a Reply [Doc. No. 14].[1] For the reasons that follow, Defendant's Motion is GRANTED IN PART and DENIED IN PART.

I.   **Background**[2]

This action was originally filed in state court and removed to federal court on the basis of diversity of citizenship. The state court petition alleges claims for: (1) breach of insurance contract and (2) bad faith. Pet. [Doc. No. 1-1]. Plaintiff's claims arise out of a long-term care insurance policy (the "Policy") issued by Defendant to Doreen Smith,

---

[1] Citations to the parties' briefing submissions reference the Court's ECF pagination.

[2] The Court accepts all well pleaded factual allegations in the Complaint as true and views them in the light most favorable to Plaintiff as the nonmoving party. *See Farmer v. Kansas State Univ.*, 918 F.3d 1094, 1102 (10th Cir. 2019).

Plaintiff's mother. Ms. Smith "suffered from dementia" and fell twice, resulting in "serious injuries." Pet., ¶¶ 10, 22, 23. Defendant paid benefits under the Policy for the period beginning on June 6, 2022, but denied benefits for the period from June 1, 2018 through June 5, 2022. *Id.* ¶ 18. Plaintiff, on Ms. Smith's behalf, appealed the denial, submitting additional documentation including "correspondence from Ms. Smith's treating physician that proved she qualified for long-term care benefits under the subject policy." *Id.* ¶ 21. Defendant denied the appeal. *Id.* ¶ 25.

With respect to her bad faith claim, Plaintiff sets forth numerous allegations including: the denial was based on "reasons contrary to the express provisions of her policy and Oklahoma law;" Defendant failed to properly investigate the claim; Defendant intentionally misread and misapplied the Policy; Defendant applied "restrictions not contained in the [P]olicy;" and the denial was representative of "its routine business practices." *Id.* ¶¶ 24–26, 29–37, 39, 41. Plaintiff also seeks punitive damages and alleges Defendant's conduct was "reckless, wanton, and intentional (with malice)." *Id.* ¶¶ 42–43.

Defendant seeks dismissal of Plaintiff's bad faith claim.[3] Defendant contends Plaintiff's allegations in support of her bad faith claim are wholly conclusory. Plaintiff responds that her allegations are sufficient and comparable to allegations deemed sufficient by other judges in this judicial district. Resp. [Doc. No. 11] at 10–19.

---

[3] While captioned as a "Motion to Dismiss" and Defendant states it seeks dismissal of the Petition [Doc. No. 1-1] in its entirety, the Motion sets forth dismissal arguments related only to Plaintiff's bad faith claim and omits any substantive argument as to the breach of contract claim. *See generally* Mot. [Doc. No. 8]. Accordingly, Plaintiff's Motion is more properly labeled as a Partial Motion to Dismiss, and the Court treats it as such. To the extent Defendant did intend to seek dismissal of Plaintiff's breach of contract claim, that part of the Motion is DENIED.

## II. Standard of Review

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A facially plausible complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).  While the complaint need not contain "detailed factual allegations," it must include "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" to avoid dismissal. *Twombly*, 550 U.S. at 555.  The Court accepts all well-pleaded allegations as true, views those allegations in the light most favorable to the non-moving party, and draws all reasonable inferences in the non-moving party's favor. *Brown v. City of Tulsa*, 124 F.4th 1251, 1263 (10th Cir. 2025).

## III. Discussion

Under Oklahoma law, the elements of a claim for bad faith, or more precisely, a claim for breach of the duty of good faith and fair dealing are: "1) the plaintiff's loss was covered under the insurance policy issued by the insurer; 2) the insurer's refusal to pay the claim in full was unreasonable under the circumstances because it had no reasonable basis for the refusal, it did not perform a proper investigation, or it did not evaluate the results of the investigation properly; 3) the insurer did not deal fairly and act in good faith with the plaintiff; and 4) the insurer's violation of its duty of good faith and fair dealing was the

3

direct cause of the injury sustained by the plaintiff." *Bailey v. Farmers Ins. Co.*, 137 P.3d 1260, 1264 (Okla. Civ. App. 2006) (citations omitted).

Upon close review of the allegations and the parties' submissions, the Court agrees with Defendant that much of Plaintiff's Petition contains wholly conclusory allegations, unsupported by factual allegations. Mot. [Doc. No. 8] at 7. While both parties submit dueling decisions of federal district courts applying Oklahoma law, the Court finds the reasoning in *Scheffler v. Am. Republic Ins. Co.* instructive, especially as the allegations are similar to those pled here. No. 11-CV-0760-CVE-TLW, 2012 WL 602187, at *3 (N.D. Okla. Feb. 23, 2012) (reciting a basic list of facts omitted in the Complaint that could have satisfied the plausibility requirement in the face of wholly conclusory allegations).

Similar to *Scheffler*, the conclusory allegations in the Petition are largely unsupported by even the most basic facts (such as the reason Defendant gave for its denial). While Plaintiff's Petition does include information about the documentation submitted to Defendant, *see* Pet. ¶¶ 21–22, the Petition does not allege any facts regarding the remaining conclusory allegations related to bad faith. *Id.* ¶¶ 29–36. Taken in turn, for example, Plaintiff does not allege any facts related to Defendant's reason for denial, why she believes denial was unreasonable, which "express provisions of her policy" are contrary to the reasons for the denial, which purported restriction were applied but "not contained in the policy," how this denial is representative of Defendant's "routine business practices," and which parts of the Policy and Oklahoma law were "knowingly miscontru[ed] and misappl[ied]." *Id.*

4

Thus, because each of Plaintiff's allegations are conclusory and not supported by basic factual allegations, they have not been sufficiently pled, even when reading the Petition in the light most favorable to Plaintiff. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("Labels, conclusions, formulaic recitations of elements, and naked assertions will not suffice. An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement. Conclusory allegations are not entitled to assumption of the truth. In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim.") (internal quotations and citation omitted). "While specific facts are not necessary, some facts are." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) (internal quotations and citation omitted). The Court finds dismissal of Plaintiff's bad faith claim is proper.

### IV.   Leave to Amend

Plaintiff's Response includes a short request for leave to amend her pleading, should the Court deem dismissal of any claims proper. Resp. [Doc. No. 11] at 22. Plaintiff's request is vague and fails to identify any relevant additional factual allegations or governing law that would deem leave to amend proper. Indeed, the only authority relied upon by Plaintiff is contrary to her position because, in that case, the party filed a formal motion to amend. *Id.* (citing *Stephens v. Alliant Techsystems Corp.*, 714 F. App'x 841, 846 (10th Cir. 2017)).

Plaintiff has not filed a formal motion requesting leave to amend. *See Calderon v. Kan. Dep't of Social and Rehab. Servs.*, 181 F.3d 1180, 1186–87 (10th Cir. 1999)

5

(Generally, "a court need not grant leave to amend when a party fails to file a formal motion."). Nor has Plaintiff complied with this Court's local rule governing amendment pursuant to Rule 15. *See* LCvR 15.1. Under these circumstances, Plaintiff has failed to provide sufficient notice of the basis for amendment. *See Sullivan v. Univ. of Kansas Hosp. Auth.*, 844 F. App'x 43, 52 (10th Cir. 2021) (holding the plaintiff "failed to properly seek leave to amend" where he made "perfunctory, conditional requests in his responses to the motions to dismiss that he be allowed to amend if the court found his allegations deficient"); *see also Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 706 (10th Cir. 2014) ("[A] bare request to amend in response to a motion to dismiss is insufficient to place the court and opposing parties on notice of the plaintiff's request to amend and the particular grounds upon which such a request would be based."). The Court, therefore, declines to consider whether leave to amend should be granted, but without prejudice to Plaintiff submitting a properly filed motion for leave to amend.

V.      **Conclusion**

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. No. 8] is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's breach of contract claim remains pending, but Plaintiff's bad faith claim is dismissed without prejudice, subject to Plaintiff filing, within fourteen days of the date of this Order, a motion seeking leave to amend to cure the pleading deficiencies.

IT IS SO ORDERED this 21st day of August, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE